Filed 10/15/24  P. v. Buggs CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D082927 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD252423) |
| DAVID BRIAN BUGGS, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Robert O. Amador, Judge.  Reversed and remanded with directions.

Jill Kent, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Assistant Attorney General, Arlene A. Sevidal, James Toohey, and Andrew Mestman, Deputy Attorneys General, for Plaintiff and Respondent.

David Brian Buggs, who pleaded guilty to second degree murder, appeals an order denying at the prima facie stage his second petition for resentencing under what is now Penal Code section 1172.6.  Buggs claims the trial court erred in dismissing the petition without holding an evidentiary

hearing because (1) collateral estoppel does not bar relief, as the law has changed since Buggs' first resentencing petition, (2) the record of conviction does not establish Buggs was the actual killer as a matter of law, and (3) the trial court engaged in impermissible factfinding at the prima facie stage. The People concede the trial court erred by denying the petition, but on the grounds that (1) collateral estoppel does not apply and (2) the record of conviction does not establish Buggs' ineligibility for resentencing as a matter of law. We accept the People's concession, reverse and remand with directions.

## I.

Buggs and one other codefendant were each charged with murder under Penal Code section 187, subdivision (a). Buggs, alone, was alleged to have used a deadly and dangerous weapon, a knife, during the commission and attempted commission of the offense. (§ 12022, subd. (b)(1).) A special circumstance in the informatoin alleged Buggs committed the murder while engaged in the commission and attempted commission of a robbery. (§ 190.2, subd. (a)(17).) Buggs pleaded guilty to second degree murder and the weapon enhancement. Specifically, he admitted he "unlawfully murdered" the victim and "personally used a dangerous weapon, a knife, in the commission of the offense." Those admitted charges, along with an admitted prior strike conviction, led to a total prison term of 31 years to life.

Effective January 2019, the Legislature amended the laws on murder to eliminate murder based on theories of imputed malice "'to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.'" (*People v. Basler* (2022) 80 Cal.App.5th 46, 54.) The Legislature created a

2

procedure for defendants convicted under the old, now-invalid theories of murder to seek resentencing under what is now section 1172.6. (Stats. 2018, ch. 1015, § 4.)

That same year, Buggs filed a petition for resentencing, which the trial court denied because the "[e]vidence showed [Buggs] was the actual killer." Buggs filed a second resentencing petition in April 2023. The trial court denied the second petition at the prima facie stage for two independent reasons. First, it concluded Buggs was not entitled to an evidentiary hearing "under the collateral estoppel" rule because the court had previously found Buggs was the actual killer when it denied his first petition. Second, the trial court found Buggs "is the actual killer from the change of plea, and he's not entitled to relief" on that "separate" basis.

## II.

We review de novo the two grounds the trial court relied on to deny Buggs' second petition at the prima facie stage. (*People v. Jimenez* (2024) 103 Cal.App.5th 994, 1004; *People v. Gaillard* (2024) 99 Cal.App.5th 1206, 1211.)

## A.

We agree with the parties that collateral estoppel does not bar Buggs' second section 1172.6 petition.

Typically, collateral estoppel prevents parties from relitigiating issues earlier decided. (*Jimenez*, 103 Cal.App.5th at p. 1004.) But it "does not apply when there has been a significant change in the law" since the original decision. (*People v. Strong* (2022) 13 Cal.5th 698, 716.)

Here, the trial court denied Buggs' first resentencing petition because, in its view, the "[e]vidence showed he was the actual killer." After that ruling, however, our Supreme Court clarified the scope of review at the prima

3

facie stage of a section 1172.6 petition. (*People v. Lewis* (2021) 11 Cal.5th 952, 972.) *Lewis* held that the prima facie inquiry is "limited," so when "reviewing any part of the record of conviction at this preliminary juncture, a trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.'" (*Id.* at pp. 971-972.) Because the trial court did not have this guidance when considering Buggs' first resentencing petition, it is possible it weighed the evidence in a manner not allowed under *Lewis*. As a result of this change in law, collateral estoppel—as both parties recognize—does not apply to Buggs' second petition.

B.

Turning to the merits of Buggs' second petition, we agree with the People that the record of Buggs' conviction did not conclusively establish his ineligibility for relief as a matter of law.

To be eligible for relief under section 1172.6, "the petitioner must make a prima facie showing that he [or she] could not presently be convicted of murder under changes to these theories of murder liability." (*Gaillard*, 99 Cal.App.5th at p. 1211.) "The court may deny the petition at the prima facie stage only if the record of conviction conclusively establishes that the petitioner is ineligible for relief as a matter of law." (*Ibid.*) The record of conviction includes the facts a defendant admitted in a guilty plea. (*Id.* at pp. 1211-1212.)

Here, the trial court denied Buggs' petition at the prima facie stage. As explained below, the language in the amended information and Buggs' admission that he (1) unlawfully murdered the victim and (2) used a knife in the commission of the offense is not enough to establish his ineligibility for relief as a matter of law because it could still permit prosecution under a now-invalid theory of murder.

4

1.

Buggs admitted he "unlawfully murdered" the victim "without premeditation or deliberation." The amended information similarly charged Buggs and a codefendant with "unlawfully murder[ing]" the victim. This language is not enough to find Buggs guilty of a still-valid theory of murder as a matter of law.

Our state's amended murder laws require that "a principal in the crime of murder 'shall act with malice aforethought,' and that '[m]alice shall not be imputed to a person based solely on his or her participation in a crime.'" (*People v. Offley* (2020) 48 Cal.App.5th 588, 595.) Before that change in law, "malice could be imputed to a defendant under the felony-murder rule or the natural and probable consequences doctrine, meaning that the person did not need to harbor express or implied malice to be convicted of second degree murder." (*People v. Rivera* (2021) 62 Cal.App.5th 217, 234.)

In *Rivera*, where a grand jury indicted both the defendant and another person for murder, the defendant's admission that he committed second degree murder "'willfully, unlawfully, and with malice aforethought'" was insufficient to bar relief from resentencing as a matter of law because it was "a generic charge permitting the prosecution to proceed on *any* theory of murder." (*Rivera*, 62 Cal.App.5th at p. 234.) As a result, *Rivera* could not "conclude that by admitting to the murder as charged [the defendant] admitted that he acted with actual malice." (*Ibid.*)

Similarly, here, the charging information and Buggs' guilty plea are too generic to foreclose a now-invalid theory of murder. The amended information charged Buggs and a codefendant with "unlawful[ ] murder." That generic language—which is more generic than in *Rivera* because Buggs admitted only to unlawful murder without any mention of malice—could

5

allow the prosecution to proceed on any theory of murder, including one reliant on imputed malice. Because of this, as the People concede, Buggs "is not necessarily ineligible for section 1172.6 relief as a matter of law." Thus, it could not be the basis for denying Buggs' resentencing petition at the prima facie stage.

2.

Buggs' admission that he "personally used a dangerous weapon, a knife, in the commission of the offense" does not change the result. "The finding of personal use, however, would not in itself prove defendant was the actual killer." (*People v. Jones* (2003) 30 Cal.4th 1084, 1120.) In *Offley*, the defendant was one of multiple people charged with a shooting that resulted in death and serious injury. (*Offley,* 48 Cal.App.5th at p. 597.) *Offley* held that the trial court erred when it denied resentencing at the prima facie stage based on a similar weapon enhancement because it "does not establish as a matter of law that a defendant acted with malice aforethought." (*Ibid.*) Thus, applying *Offley* here, Buggs' plea on its own is not enough to prove that he was the actual killer or otherwise guilty of murder on a still-valid theory of murder not involving imputed malice.

\*     \*     \*

In sum, because collateral estoppel did not apply to Buggs' second petition and the record of conviction was insufficient to conclude as a matter of law Buggs' guilt under a still-valid theory of murder, the trial court should not have denied Buggs' petition for resentencing at the prima facie stage.

6

III.

We reverse the trial court's order denying the petition. On remand, the trial court is directed to issue an order to show cause and to conduct an evidentiary hearing under section 1172.6(c)-(d).


CASTILLO, J.

WE CONCUR:


BUCHANAN, Acting P. J.


RUBIN, J.